DECISION
Relator, Mary McGinnis, has filed an original action requesting this court to issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order denying her compensation for temporary total disability ("TTD") and to issue an order finding that she is entitled to the requested compensation.
This matter was referred to a magistrate of this court pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. On February 7, 2002, the magistrate issued a decision, which included findings of fact and conclusions of law, and recommended that this court deny relator's request for a writ of mandamus. (Attached as Appendix A.) Relator has filed one objection to the magistrate's decision.
Relator argues in her objection that the magistrate misinterpreted the Ohio Supreme Court's holding in State ex rel. Baker v. Indus. Comm. (2000), 89 Ohio St.3d 376. Relator claims the record does not support the magistrate's conclusion that relator abandoned the job market. The magistrate found "[t]here is no evidence in the file that relator sought employment following her retirement." A review of the record supports the magistrate's statement. Therefore, we find the magistrate correctly concluded that some evidence supported the commission's finding that relator did not qualify for TTD compensation because she left her former position of employment for reasons unrelated to the injuries allowed in her claim.
After an examination of the magistrate's decision, an independent review of the stipulated evidence, and due consideration of relator's objection, this court overrules relator's objection and adopts the findings of fact and conclusions of law contained in the magistrate's decision. Since the magistrate sufficiently discussed and determined the issues raised by relator in her objection, further discussion is not warranted. Accordingly, relator's request for a writ of mandamus is denied.
Objection overruled; writ denied.
 IN MANDAMUS
Relator, Mary McGinnis, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which denied her application for temporary total disability ("TTD") compensation, and ordering the commission to issue an order finding that she is entitled to the requested period of compensation.
Findings of Fact:
1. Relator sustained a work-related injury on October 21, 1994, and her claim was originally allowed for "sprain right shoulder, sprain lumbar region." Relator received compensation and medical benefits in her claim.
2. On August 1, 1997, relator filed a motion asking that her claim be additionally allowed for right shoulder rotator cuff tear and that she be granted TTD compensation as well.
3. By order dated September 22, 1997, a district hearing officer ("DHO") granted relator's motion and additionally allowed her claim for "right shoulder rotator cuff tear." However, the DHO specifically denied relator's request for TTD compensation as follows:
 * * * The Hearing Officer finds that the claimant has been off from work since August 1996 for an unrelated condition and that there is no indication in Dr. Roberts records specifically the 6/20/97 office note that Dr. Roberts opines temporary disability irrespective of the nonoccupational disabling condi-tion.
4. The office notes of Dr. John M. Roberts mentioned in the DHO order are dated June 20, 1997. Relator saw Dr. Roberts complaining of right shoulder pain and lumbar pain. As part of his history, Dr. Roberts noted that appellant had sustained her injury in 1994, that an MRI scan revealed a rotator cuff tear and that physical therapy had not been successful. That note further provides as follows: "She informs me she is not working but not because of her shoulder."
5. Relator appealed from the DHO order and the matter was heard before a staff hearing officer ("SHO") on October 27, 1997. The SHO denied relator's appeal and modified the prior DHO order as follows:
 The Staff Hearing Officer finds that the claimant voluntarily abandoned her former position of employment when she resigned on 08/23/1996 due to her long standing unrelated pulmonary fibrosis condition. The Staff Hearing Officer finds that such voluntary abandonment precludes the payment of Temporary Total Disability Compensation from 06/20/1997 to 09/20/1997 based on State, ex rel. Rockwell International v IC (1988), 40 Ohio State 3d 44.
 The Staff Hearing Officer's decision is based on the employer's testimony that the claimant quit her position on 08/23/1996 due to lung condition, as well as the 06/20/1997 office note from Dr. Roberts which states that the claimant " informs me she is not working but not because of her shoulder."
 In all other respects, the order of the District Hearing Officer is affirmed.
6. Further appeal was refused by order of the commission mailed November 26, 1997.
7. Thereafter, on January 16, 1998, relator filed a second motion asking that TTD compensation be paid following the approval of surgery, performed November 13, 1997, for tear of the rotator cuff.
8. The motion was heard before a DHO on March 16, 1998, and was denied as follows:
 The claimant's Motion requesting Temporary Total Disability Compensation for the period of 11/13/1997 to the present is denied.
 The District Hearing Officer finds that the claimant was found to have voluntarily abandoned her former position of employ-ment on 08/23/1996 by Staff Hearing Officer order dated 10/27/1997.
9. Relator appealed the DHO order and the matter was heard before an SHO on May 13, 1998. At that time, the SHO denied relator's request for TTD compensa-tion and modified the prior DHO order to reflect that additional arguments from counsel were considered.
10. Further appeal was refused by order of the commission mailed June 6, 1998.
11. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law:
In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v. Indus. Comm. (1967),11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State ex rel. Elliott v. Indus. Comm. (1986), 26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State ex rel. Lewis v. Diamond Foundry Co. (1987),29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981),68 Ohio St.2d 165.
TTD compensation awarded pursuant to R.C. 4123.56 has been defined as compensation for wages lost where a claimant's injury prevents a return to the former position of employment. State ex rel. Ramirez v. Indus. Comm. (1982), 69 Ohio St.2d 630.
Relator challenges the commission's order in two respects: (1) the October 27, 1997 order does not constitute res judicata concerning the subsequent request for TTD benefits; and (2) the commission abused its discretion by characterizing relator's retirement for health reasons as constituting a voluntary abandonment thereby precluding her from receiving further TTD compensation. For the reasons that follow, this magistrate disagrees.
Relator cites State ex rel. Chrysler Corp. v. Indus. Comm. (1998),81 Ohio St.3d 158, and Cole v. Complete Auto Transit, Inc. (1997),119 Ohio App.3d 711, in support of her argument. In citing Chrysler, relator contends that her need for surgery constitutes new and changed circumstances justifying the payment of TTD compensation despite the prior finding that she had reached maximum medical improvement ("MMI"). Relator cites Cole and argues that the prior decision of the commission cannot constitute res judicata because it focused on only a closed period of requested benefits and the prior decision can only constitute res judicata as to that identified time period. However, regardless of the above-cited cases, relator's argument fails.
Relator's case differs from both Chrysler and Cole for the followings reasons: by order dated October 27, 1997, the commission specifically determined that relator had voluntarily abandoned her former position of employment when she resigned on August 23, 1996, due to her longstanding unrelated pulmonary fibrosis condition. The commission found that such voluntary abandonment precludes the payment of further TTD compensation and cited State ex rel. Rockwell Internatl. v. Indus. Comm. (1988),40 Ohio St.3d 44. Relator argues that the 1997 finding that she voluntarily abandoned her employment does not meet the definition of "voluntary" as determined by the Ohio Supreme Court in State ex rel. Baker v. Indus. Comm. (2000), 89 Ohio St.3d 376. For the reasons that follow, this magistrate disagrees.
In the present case, relator's retirement from her former position of employment for ongoing pulmonary fibrosis problems is an important element in determining whether she can receive TTD compensation due to the allowed work-related injury. In State ex rel. Staton v. Indus. Comm. (2001), 91 Ohio St.3d 407, the Ohio Supreme Court recently discussed the impact of an employee's retirement on a future award of TTD compensation and stated as follows:
 The character of retirement is indeed relevant because if injury-related, it is involuntary and cannot bar TTD, State ex rel. Rockwell Internatl. v. Indus. Comm. (1988), 40 Ohio St.3d 44 * * *. If it is not injury-related, the result may be different.
 For years, voluntary departure from employment was the end of the story, and harsh results sometimes followed. Claimants who left the former position of employment for a better job forfeited TTD eligibility forever after. In response, State ex rel. Baker v. Indus. Comm. (2000), 89 Ohio St.3d 376, * * * declared that voluntary departure to another job no longer barred TTD. It retained, however, the prohibition against TTD to claimant's who voluntarily abandoned the entire labor market. Thus, the claimant who vacates the work force for non-injury reasons not related to the allowed condition and who later alleges an inability to return to the former position of employment cannot get TTD. This, of course, makes sense. One cannot credibly allege the loss of wages for which TTD is meant to compensation when the practical possibility of employment no longer exists. [Id. at 409-410. Emphasis sic.]
In the present case, the commission already determined that relator left her former position of employment for reasons unrelated to the injuries allowed in her claim. This finding was based on her doctor's statement as well as testimony given by the employer. Inasmuch as this court presumes the regularity of the proceedings before the commission, there was some evidence before the commission to support this finding. There is no evidence in the file that relator sought employment following her retirement. Therefore, although her need for surgery as a result of the allowed condition is compensable as it is attributable to the injury she sustained, she has no lost wages for which TTD compensation would be payable. The key factor is that relator left her former position of employment for reasons unrelated to the allowed conditions in her claim, did not seek employment elsewhere, and did not present evidence to challenge the commission's finding. Inasmuch as the commission found that relator has removed herself from the workforce due to nonallowed conditions, the commission did not abuse its discretion in denying her TTD compensation where she could not prove that she had lost any wages. As such, relator's arguments fail.
Based on the foregoing, it is this magistrate's decision that relator has not demonstrated that the commission abused its discretion in denying her application for TTD compensation and relator's request for a writ of mandamus should be denied.